```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                             BECKLEY

FREDERICK ALAN PIERCE,

        Petitioner,

v.                                     Case No. 5:07-cv-00191

WARDEN, FCI BECKLEY,

        Respondent.
```

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is what has been construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner (docket sheet document # 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Petitioner is a federal prisoner who is presently incarcerated at the Federal Correctional Institution (FCI) Beckley, in Beaver, West Virginia. The document Petitioner has filed appears to largely concern a "Response to the Magistrate's Report and Recommendation" in some other federal case, not filed in this district court. The document is lengthy, and nonsensical. It consists of incoherent ramblings, containing Latin phrases and definitions, without stating any concrete legal theory or claim for relief. At best, it appears that Petitioner is claiming that the

federal court that convicted him lacked jurisdiction over him.

Because the conclusion of the document states that Petitioner "is now unlawfully incarcerated and must be released immediately and unconditionally," the undersigned believes the document is properly treated as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Based upon a review of the dockets of other federal courts around the country, the undersigned has been able to determine the following:

It appears that, on December 10, 1993, Petitioner was convicted, following a jury trial, of federal drug and firearms offenses in the United States District Court for the District of Maine, and that, on or about November 4, 1994, he was sentenced to a total of 270 months of imprisonment, to be followed by a three-year term of supervised release. (<u>United States v. Pierce</u>, Case No. 1:93-cr-00043-GZS-2). It does not appear that Petitioner filed an appeal of his Judgment Order to the United States Court of Appeals for the First Circuit.

Since that time, however, Petitioner has filed several unsuccessful Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and other post-conviction motions, in the United States District Court for the District of Maine. (See docket sheet for Case No. 1:93-cr-00043-GZS-2).

On June 7, 2000, the United States District Court for the District of Maine issued an Order enjoining Petitioner from

commencing any action in that court without prior leave of court. (See copy of Order entered in In re Frederick Alan Pierce, MISC. No. 04-31-B-W, which is attached to this Proposed Findings and Recommendation). Petitioner's additional filings in that court have been rejected, pursuant to the injunction, because Petitioner has not received leave of court for such filings.

## ANALYSIS

The instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence, because Petitioner challenges the validity of his conviction. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner has already filed at least one unsuccessful section 2255 motion in the United States District Court for the District of Maine, where he was convicted. Thus, he is procedurally barred from filing another section 2255 motion without authorization from the United States Court of Appeals for the First Circuit.

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. <u>In re Jones</u>, 226 F.3d at 332; <u>Young v. Conley</u>, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

Furthermore, this court would not have jurisdiction over a section 2255 motion filed by Petitioner, as he was not convicted in this judicial district. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 motion (# 1) and dismiss this matter from the court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

November 19, 2007
Date

Mary E. Stanley
United States Magistrate Judge